RUSCO *v.* RUSCO.

1. DIVORCE—REVIEW DE NOVO.
   Divorce cases are reviewed *de novo* on the record in the Supreme Court.

2. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER.
   Mother of 10- and 12-year-old girls who neglected the proper feeding of her children, who drank intoxicating liquors to excess and pursued an improper course of conduct with father of her illegitimate child is relieved of their custody and custody awarded to father who is found to be a fit and proper person.

3. SAME—REMAND—CUSTODY OF CHILDREN—ALIMONY.
   Trial court is directed to determine amount of alimony payable to defendant wife for support of 3-year-old child whose custody remains in mother, where she is relieved of custody of 2 older children.

4. SAME—COSTS—MODIFICATION OF DECREE—CUSTODY OF CHILDREN.
   No costs are awarded father upon entry of order granting his petition for modification of decree as to 2 more of the 5 children of the parties, where 1 child remains with the mother.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 4, 1951. (Docket No. 43, Calendar No. 45,229.) Decided December 3, 1951.

Divorce proceedings by Kenneth L. Rusco against Ethel Mae Rusco. On petition of plaintiff for modification of decree as it relates to custody of children.

---

· REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 858.
[2] 17 Am Jur, Divorce and Separation § 683.
[3] 17 Am Jur, Divorce and Separation § 693.
[4] 17 Am Jur, Divorce and Separation § 563.

Petition dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*J. Donald Murphy,* for plaintiff.

*Philip L. Hogan,* for defendant.

SHARPE, J. Plaintiff, Kenneth L. Rusco, filed a petition in the circuit court of Muskegon county praying for an amendment to a decree of divorce granted him on May 24, 1948.

The original divorce decree granted defendant, Ethel Mae Rusco, custody of Lois Ann Rusco born October 22, 1939, and Vida Mae Rusco born August 29, 1941. The divorce decree awarded defendant, Ethel Mae Rusco, custody of the 5 minor children of the parties until June 11, 1948, and thereafter, plaintiff was given the custody of Lloyd Rusco born September 12, 1938, and Boyd K. Rusco born April 1, 1945. Plaintiff does not ask for the custody of Duane Rusco born April 18, 1948.

In his petition for amendment of the divorce decree, plaintiff alleges:

"IV. That since the granting of the decree of divorce in the above cause and since the defendant has had the custody of the 2 minor children as set forth above, the defendant, Ethel Mae Rusco, has engaged in a course of grossly immoral conduct and in a manner detrimental to the welfare of said children, as follows:

"(1) That since the divorce was granted to the parties on May 24, 1948, the defendant has not been married and is now a single person; that during the month of February, 1950, the defendant became pregnant and in the month of November, 1950, gave birth to an illegitimate child; that after the birth of said child, the defendant, without any legal proceedings whatever, gave said child to a family who is living in the vicinity of Kent City, Michigan; that

the defendant had the children who are in her custody in the home with her all during her pregnancy, and said defendant's immorality with respect to the above matters is of such a nature as to render her unfit to have the care, custody and control of the 2 minor children.

"(2) That the defendant has made a habit and practice of frequenting taverns in the vicinity of her home and, on those occasions, drinks intoxicating liquor and, on occasions, has drunk intoxicating liquor to excess and become intoxicated.

"(3) That the defendant has left her home on many occasions, leaving the children with another small child in care of them, and has returned to the home on these occasions after excessive drinking.

"(4) That the defendant has neglected the children and has failed to provide them with proper food regularly and has so conducted herself that she is totally unfit to have the care and custody of said children, and that the custody of said children should be granted to the plaintiff.

"V. That since the granting of the decree of divorce in the above cause, the plaintiff has married a woman of good moral character and has a good home near Ravenna, Michigan; that the present wife of the plaintiff has a great interest in the plaintiff's children and has taken good care of the children who have been in the plaintiff's custody, and is desirous and interested with the plaintiff in having the custody of the children now in the custody of the defendant granted to the plaintiff; that the plaintiff is a fit and proper person to have the care, custody and control of the minor children who are now in the custody of the defendant."

Upon the hearing, plaintiff introduced evidence in support of his petition. The trial court denied plaintiff any relief and in an opinion stated:

"The only misconduct established against defendant was relative to a child being born to her out of wedlock. It appears that she was in love with the

man in question, and that the child was not born to. her as a result of promiscuous conduct with 'the man in question, but in the hope and belief that they were to be married. It appears that the man in question ceased associations with her after the birth of the child. There is no proof that defendant had any affairs with any other men, or that she was promiscuous in her relations with him. She gives every evidence of being remorseful for having been intimate with the father of the child born to her out of wedlock, and to be genuinely sorry for having had relations with this man in the expectation of marriage.

"It appears from the admissions of plaintiff that he resided in a home with his present wife, and the children in his custody, since a few weeks after the granting of the decree of divorce, and until they married on December 18, 1948. It is only reasonable to infer that he was on fairly friendly terms with his present wife before he obtained a divorce from defendant, although there is no proof that he was guilty of any misconduct prior to the granting of the divorce.

"While the conduct of defendant, in having relations with the man who is the father of the child born to her out of wedlock, cannot be upheld or condoned, such misconduct is not decisive of the question of defendant's present fitness to care for the 2 children in question. She was apparently in love with the man, and consented to relations with him under the belief and understanding that they were to be married. As far as the proofs in this case are concerned, she has taken good care of the children and was guilty of no other misconduct. If the proofs indicated that she was otherwise immoral or unfit to have the custody of the 2 children, I would not hesitate to take them from her custody and award them to plaintiff. Despite the fact that she made the 1 mistake mentioned, I am convinced that she is a good mother to the 2 children; that she is perfectly competent to give them good care and

attention in the future; and that plaintiff has failed to prove that the best interest and welfare of the children require that their custody be given to him.

"Plaintiff's petition is, therefore, denied."

Defendant, Ethel Mae Rusco, was called for cross-examination under the statute* and admitted the birth of an illegitimate child. Rose Wright, a witness for plaintiff, testified that in 1949 she lived in the home of defendant; that upon several occasions, defendant became intoxicated in public places; that defendant and the father of her illegitimate child occupied a day bed in the kitchen and upon many occasions he did not leave until early morning; and that the children lived on cold lunches most of the time.

. Plaintiff testified:

"I have petitioned for custody of the 2 older girls. I have remarried and am now living at Sullivan, where I am buying a home on a contract. My home has 4 rooms, but I intend to build 2 more rooms and a utility room if the court should award me custody of these 2 girls. I would immediately enlarge the facilities of my home. I have 2 bedrooms now; the boys occupy one and my wife and I the other, but we would immediately make available other facilities if granted the custody of these children."

This is a chancery case in which we review the record *de novo* and having done so, find ourselves in disagreement with the finding of facts of the trial court wherein he stated, "The only misconduct established against defendant was relative to a child being born to her out of wedlock." In our opinion the record clearly establishes that defendant drank to excess, neglected the proper feeding of her children and pursued a course of conduct with the father of her illegitimate child which in our opinion is detrimental to the welfare of young children.

---

* See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

The record establishes that plaintiff is a fit and proper person to have custody of the children. It follows that the order of the trial court continuing custody of the 2 girls in defendant is reversed. A decree will be entered granting custody of the 2 girls to plaintiff and the cause remanded to the trial court to determine the proper amount of alimony that defendant should be paid for the support of Duane Rusco whose custody is with defendant. No costs.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.